UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 08-60695-CIV-COOKE/BANDSTRA

NINA JANET SEUNG,

    *Plaintiff*,

v.

REGENT SEVEN SEAS CRUISES, INC., *et al.*,

    *Defendants*.

_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

This matter is before me on Plaintiff Nina Janet Seung's Motion for Rehearing Pursuant to Fed. R. Civ. P. 59(e) and 60 [D.E. 28] regarding my Order granting Defendants' Motion to Dismiss [D.E. 27]. Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonably diligence, could not have been discovered in time to move for new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

To prevail on a motion for reconsideration, a party generally must present at least one of "three major grounds which justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002) (citation omitted). "[T]he moving party must set forth facts or law of a strongly convincing nature to induce

the court to reverse its prior decision." *Id.* A motion for reconsideration cannot be used to replicate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment. *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (internal citations and quotations omitted). This prohibition includes new arguments that were previously available, but not pressed. *Id.*

On March 7, 2009, I entered an Order dismissing Seung's Complaint based on a forum selection clause that required Seung to file suit in Paris, France. Seung now argues that I erroneously overlooked the fact that the statute of limitations expired after the filing of this action. I have reviewed Seung's response in opposition to Defendants' motion to dismiss, and this argument was never raised. Seung's failure to raise this issue, despite the fact that the statute of limitations had expired at the time, prohibits her from raising the issue for the first time on a motion for reconsideration. *See Wilchombe*, 555 F.3d at 957. Accordingly, Seung's motion for reconsideration [D.E. 28] is denied.

**DONE AND ORDERED** in Miami, Florida, this 25th day of January 2010.

_____
MARCIA G. COOKE
United States District Judge

cc:

*The Honorable Ted E. Bandstra*
*All counsel of record*